UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Walter Han Laak, | Case No. 2:25-cv-00437-CDS-BNW |
| Petitioner | **Order Directing Service of Petition and Granting Motion for Counsel** |
| v. | |
| J. Bean, et al., | [ECF Nos. 1-1, 5] |
| Respondents | |

Walter Han Laak has submitted a pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus and has now paid the filing fee. ECF Nos. 1-1; ECF No. 4. The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 and directs that it be served on respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If the petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. § 2244(b) (successive petitions). If the petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Laak has also filed a motion for appointment of counsel. ECF No. 5. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, Laak states in his petition that a jury convicted him of several counts including attempted murder, assault with a deadly weapon, and aggravated stalking.

ECF No. 1-1 at 3. He states in his motion for counsel that he is a United States Marine Corps veteran who has been diagnosed with severe mental illness. ECF No. 5. It appears from his petition that his defense at trial was that he was not guilty by reason of insanity. In order to ensure due process, the Court grants Laak's motion for counsel.

## Conclusion

It is therefore ordered that the Clerk of Court detach, file, and electronically SERVE the petition (ECF No. 1-1) on the respondents.

It is further ordered that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for respondents and provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

It is further ordered that petitioner's motion for appointment of counsel **[ECF No. 5] is GRANTED**.

It is further ordered that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent petitioner.

It is further ordered that the Clerk **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1). The FPD has until **July 14, 2025,** to file a notice of appearance or to indicate to the Court its inability to represent petitioner in these proceedings.

It is further ordered that after counsel has appeared for petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

Dated: June 12, 2025

_____
Cristina D. Silva
United States District Judge