UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Walter Han Laak,<br><br>           Petitioner<br><br>v.<br><br>J. Bean, et al.,<br><br>           Respondents | Case No.: 2:25-cv-00437-CDS-NJK<br><br>**Order Granting Motion for Leave to File Second Amended Petition**<br><br>[ECF Nos. 10, 11] |

      The Federal Public Defender, counsel for 28 U.S.C. § 2254 habeas corpus petitioner Walter Han Laak, has filed a protective first amended petition and a motion for leave to file a second amended petition. ECF Nos. 10, 10-1. I find good cause to grant the motion for leave to amend.

      Laak filed a first amended petition on or before the date the FPD calculated that the AEDPA statute of limitations expired, for the purpose of preserving all potential claims pending counsel's full investigation of the case. *See* ECF No. 10. Laak contemporaneously seeks leave to file a second amended petition. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 reflects a "policy of favoring amendments to pleadings," and courts should apply that policy "with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (quoting *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960)). When a court evaluates a request for leave to amend, a court may consider bad faith, undue delay, previous amendments on the part of the petitioner, potential prejudice to the opposing party, and whether amendment is futile. *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004).

Laak explains that the investigation into and research regarding his case is ongoing. He asserts that a second amended petition will reflect counsel's considered judgment on various issues after thorough review. The Court has authorized such a "two-step" procedure in prior cases in situations where time potentially remains in the federal limitation period at the time of the appointment, but that period may expire prior to a full opportunity for investigation by counsel. *See, e.g., McMahon v. Neven*, ECF No. 29 in Case No. 2:14-cv-00076-APG-CWH (D. Nev., May 29, 2014) (approving and explaining the court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation). A second amended petition drafted after counsel's investigation and further consideration of the potential claims may be more succinct and targeted and thus serves judicial efficiency. So I grant the motion for leave to file a second amended petition.

IT IS THEREFORE ORDERED that the Clerk of Court file the first amended petition. ECF No. 10-1.

IT IS FURTHER ORDERED that petitioner's motion for leave to file a second amended petition [ECF No. 10] is GRANTED.

IT IS FURTHER ORDERED that petitioner's motion for scheduling order [ECF No. 11] is GRANTED.

IT IS FURTHER ORDERED that counsel for petitioner meet with petitioner as soon as reasonably possible, if counsel has not already done so, to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief must be raised at this time in this action and that the failure to do so will likely result in any omitted grounds being barred from future review.

IT IS FURTHER ORDERED that petitioner has **90 days** from the date of this order to file and serve on respondents an amended petition for writ of habeas corpus that includes all known grounds for relief (both exhausted and unexhausted).

IT IS FURTHER ORDERED that respondents have **60 days** after service of a second amended petition within which to answer, or otherwise respond to, the second amended petition. Any response filed should comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that when respondents file an answer or other responsive pleading, petitioner will have **30 days** after service of the answer or responsive pleading to file and serve his response.

3

IT IS FURTHER ORDERED that any additional state court record exhibits filed herein by either petitioner or respondents be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed also must be identified by the number or numbers of the exhibits in the attachment.

IT IS FURTHER ORDERED that, at this time, the parties shall send courtesy copies of **any responsive pleading and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless and until requested by the court**.

Dated: July 21, 2025

_____
Cristina D. Silva
United States District Judge